UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Cynthia Carpenter-Barker, as Next Friend of Megan Carpenter, | : |
| | : |
| Plaintiff, | Case No.: 1:15-cv-41 |
| | : |
| -vs- | |
| | : Judge: Sandra S. Beckwith |
| Ohio Department of Medicaid, and | |
| | : |
| John McCarthy, Director, in his official capacity, | : |
| | |
| Defendants. | : |

## MODIFICATION OF THE PROTECTIVE ORDER FOR INFORMATION FROM PLAINTIFF

The matter before the Court is the continued protection of confidential information concerning Megan Carpenter and Ms. Carpenter-Barker that will be produced through informal discovery and discovery requests and responses.

On April 1, 2015, the Court signed and filed a Protective Order for information from Plaintiff (Doc 18), which was agreed to and signed by counsel for the parties ("Protective Order"). The Protective Order defines "Confidential Information" and serves to protect and prevent unauthorized disclosure of any Confidential Information regarding Megan Carpenter. It also stated that, "Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the rights of access to or the use of the Confidential Information or any other modification of this Protective Order" (*Id.* at Item 11). This Modification of the Protective Order seeks to include as Confidential Information: (1) That information received as a result of

{00184612-1}

Defendants' subpoenas and releases by or on behalf of Plaintiff authorizing the disclosure of health care information regarding Megan Carpenter.[1]

The parties wish to enter into a Protective Order to further protect and prevent unauthorized disclosure of any Confidential Information.

For good cause shown and upon agreement of the parties, the Court hereby orders:

1. Confidential Information shall be disclosed only to the following:

    a. Counsel of record, "of counsel," and their employees, coworkers (including, but not limited to, secretaries, paralegals, and administrative and support staff), representatives, contractors, service vendors, and agents who need the information to perform work related to the above-captioned action;

    b. Subject to paragraph 2, outside experts and consultants providing assistance in the above-captioned action, as well as their administrative and support staff;

    c. The Court, all subsequent appellate courts, and their personnel (including, but not limited to, court reporters, stenographers, and other court personnel);

    d. Subject to paragraph 2, Defendants and their employees, witnesses, deponents, and their counsel to the extent necessary to prepare for depositions or testimony in this litigation;

---

[1] To expedite the production of documents and in recognition of the high volume of Megan Carpenter's medical information to be produced in this case, Plaintiff agrees to provide Defendants with signed medical releases to specific providers to disclose Megan Carpenter's medical records directly to Defendants. Plaintiff reserves the right to object to signing releases for additional providers. The parties intend for these releases to produce only that information that is discoverable in this matter under the Federal Rules of Civil Procedure. Defendants agree to provide Plaintiff with a copy of all records received through the signed medical releases within 5 business days from the date Defendants receive the records.

    e.    Any other person to whom disclosure is required by federal and state law. Before disclosing information under this subparagraph, the disclosing party must notify counsel of record.

2. Confidential Information may be provided to Defendants and their employees, experts, consultants, deponents, or witnesses only to the extent necessary for such expert, consultant, deponent, or witness to prepare a written opinion, to prepare to testify, or to assist counsel and/or parties in this matter. Before making disclosure of Confidential Information to outside experts, consultants, deponents, or witnesses, such outside experts, consultants, or witnesses must sign the certificate attached as Exhibit A.

3. Nothing in this Order controls or limits a party's ability to use its own information or its own disclosures and responses to discovery.

4. The parties shall mark as "Confidential" any Discovery Response containing Confidential Information. The parties may also designate as Confidential Information any material they have already produced by notifying in writing the person(s) to whom such material was produced that such material constitutes Confidential Information. Information contained or revealed in a deposition may be designated as Confidential Information at the time of the deposition or within 30 days from receipt of the deposition transcript.

5. All Confidential Information shall be maintained as confidential. The parties, their witnesses, experts, or consultants shall not use Confidential Information for any purpose other than the prosecution or defense of this case.

6. Any documents that include Confidential Information shall be filed with the Court under seal, and this Order constitutes the order authorizing such filings for purpose of S.D. Ohio L.R. 79.3(c). The parties are hereby given leave to make any such filings manually. Such documents will be identified as "Confidential" and may be shared as directed by paragraph 1 of this Order or by any further order of the Court.

7. Any party who wishes to challenge the designation of material as Confidential Information shall first confer in good faith with the other party. If the parties cannot resolve the dispute, the objecting party may file an appropriate motion with the Court. A party who does not challenge a designation of material as Confidential Information at the time it is designated is not precluded from making a later challenge. However, disclosure of such information prior to the challenge will not violate this Protective Order unless it is reasonably clear that such information should have been included as Confidential Information.

8. If one party has reason to believe that a person with whom Confidential Information has been shared has disclosed such Confidential Information in contravention of this Protective Order, the party shall provide a signed statement setting forth the basis for such belief. The parties will then make a good faith effort to resolve the dispute. If the parties cannot resolve the dispute, it shall be resolved by the Court.

9. A party who produces information not subject to discovery under federal law or the Federal Rules of Civil Procedure, without intending to waive the claim of protection associated with such information, shall within 10 days after the

{00184612-1} 4

producing party actually discovers that such inadvertent production occurred, amend its discovery response as appropriate and notify the other party that such information was inadvertently produced and should have been withheld as protected. Failure to assert such a claim of protection within the 10-day time period described in this paragraph shall result in the waiver of any such claim.

a. If a producing party designates any information as inadvertently disclosed and the receiving party agrees with such designation, the information shall be destroyed or returned to the producing party no later than 5 business days of receipt of notification of the inadvertent disclosure. If a receiving party believes that it has received information that was inadvertently disclosed, that party shall, no later than 5 business days of actual discovery of the inadvertent disclosure, notify the producing party and destroy or return the information to the producing party. An inadvertent disclosure of information shall not waive an otherwise-applicable privilege and the inadvertently-disclosed information shall be subject to the terms of this Protective Order.

b. If a producing party designates any information as inadvertently disclosed and the receiving party disagrees with such designation, the receiving party shall notify the producing party of its disagreement within 5 business days of receipt of notification of the inadvertent disclosure. The parties shall confer in good faith to resolve the dispute. If the parties cannot resolve the dispute, the producing party may file an appropriate motion with the Court. The information cannot be used or further disclosed until the dispute is resolved.

c. For the purposes of this Protective Order only, Megan Carpenter and/or Ms. Carpenter-Barker shall be considered the producing party of records obtained as a result of Defendants' subpoenas and releases by or on behalf of Plaintiff authorizing the disclosure of health care information regarding Megan Carpenter.

10. Throughout, and after the conclusion of, this litigation (including any appeals), the restrictions set forth herein shall continue to be binding upon the parties and all other individuals subject to the terms of this Protective Order.

11. Defendants' counsel agrees to return or destroy all records and copies of Confidential Information provided to them at the end of the litigation including any appeals. The end of this litigation shall occur when all parties' claims and defenses (including, without limitation, all rights of appeal, reconsideration, or other post-judgment relief) have been permanently and finally resolved.

12. Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the rights of access to or the use of the Confidential Information or any other modification of this Protective Order.

13. Confidential Information shall not lose its status as Confidential Information through use in any court proceeding in this matter.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT JUDGE

AGREED TO BY:

/s/ Laura Osseck
Trial Attorney for Plaintiff
Laura Osseck (0082231)
losseck@disabilityrightsohio.org
Rebecca Babarsky (0092849)
*Pro Hac Vice*
rbabarsky@disabilityrightsohio.org
Ohio Disability Rights Law and
Policy Center, Inc.
Disability Rights Ohio
50 West Broad Street, Suite 1400
Columbus, Ohio 43215-5923
Telephone: (614) 466-7264
Facsimile: (614) 644-1888

Counsel for Plaintiff

MICHAEL DeWINE (0009181)
Ohio Attorney General

/s/ Ara Mekhjian
ARA MEKHJIAN (0068800)
AMY JEFFRIES (0089216)
Assistant Attorneys General
Health and Human Services Section
30 E. Broad Street, 26th Floor
Columbus, Ohio 43215
Telephone: (614) 466-8600
Facsimile: (866) 478-7791
ara.mekhjian@ohioattorneygeneral.gov

Counsel for Defendants